OPINION
{¶ 1} Appellant, Jon Harmon, is a builder. He sold a home under construction to appellees, Charles and Stephanie Snyder. An addendum to the purchase agreement provided for a $10,000.00 flooring allowance, and seller agreed to finish a room in the basement. Appellees purchased flooring from plaintiff, Fred Shaheen, in the amount of $11,000.00. Appellant paid Mr. Shaheen $10,000.00, the agreed upon flooring allowance.
 {¶ 2} On April 4, 2005, Mr. Shaheen filed a complaint against appellees for the $1,000.00 difference. A trial before a magistrate commenced on May 5, 2005. The trial was continued so that appellees could file a third party complaint against appellant. The trial proceeded on July 6, 2005.
 {¶ 3} By decision filed July 14, 2005, the magistrate found in favor of plaintiff as against appellees in the amount of $1,000.00 and in favor of appellees as against appellant in the amount of $1,000.00. Appellant filed objections. By judgment entry filed September 6, 2005, the trial court approved and adopted the magistrate's decision.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION IN CONTRAVENTION OF THE WRITTEN CONTRACT AND IN GRANTING $1,000.00 IN RESTITUTION TO THE PLAINTIFFS."
 I {¶ 6} Appellant claims the trial court erred in finding in favor of appellees. Specifically, appellant claims the trial court erred in finding the parties modified the original purchase agreement and agreed to allow an additional $1,000.00 for flooring for upstairs rooms in exchange for leaving a finished basement room floor bare. We disagree.
 {¶ 7} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 8} Included in the magistrate's decision is a statement that the trier of fact found appellant's testimony regarding no flooring for the basement room not to be credible. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990),49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 9} It is appellant's position that the original purchase agreement is clear and unambiguous and precludes parol evidence. The parol evidence rule precludes the introduction of evidence outside the four corners of a written document:
 {¶ 10} "Where the parties, following negotiations, make mutual promises which thereafter are integrated into an unambiguous written contract, duly signed by them, courts will give effect to the parties' expressed intentions. * * * Intentions not expressed in the writing are deemed to have no existence and may not be shown by parol evidence." Aultman Hosp.Assn. v. Community Mut. Ins. (1989), 46 Ohio St.3d 51, 53.
 {¶ 11} In the addendum to the August 18, 2004 purchase agreement, the parties agreed "Buyer to receive an allowance for floor coverings not to exceed $10,000." See, ¶ 6. Also included in ¶ 13 is the agreement that "Seller agrees to finish the room at the bottom of the step in the basement from the garage entrance to basement." The amount for finishing the room in the basement was $5,000.00. T. at 10.
 {¶ 12} Each appellee testified it was their understanding if they did not place flooring in the room in the basement, the $1,000.00 allowance would go toward the floor coverings for the upstairs rooms. T. at 25, 27, 34. Appellant denied making the deal about the $1,000.00 flooring allowance. T. at 45-47, 49. Mr. Shaheen testified appellant told him he [appellant] would install the flooring for the basement room for $1,000.00. T. at 53-54. This statement substantiates the testimony of appellees.
 {¶ 13} This matter was tried in small claims court where the rules of evidence do not apply. There were no objections to the testimony or evidence presented. In his objections to the magistrate's decision, appellant raised the parol evidence rule for the first time.
 {¶ 14} Upon review, we find the trial court did not err in permitting testimony outside the purchase agreement and addendum. The addendum itself is very ambiguous as to the cost for finishing the basement room. The addendum references a $15,000.00 earnest money deposit and a $10,000.00 flooring allowance, but contains no other consideration for the extra work to the basement room. Therefore, it was not improper for the trial court to entertain evidence on the addendum.
 {¶ 15} As the trier of fact is permitted to determine the credibility of the witnesses, we find the decision to find appellees' testimony more credible to be sufficient to support the $1,000.00 judgment against appellant.
 {¶ 16} The sole assignment of error is denied.
 {¶ 17} The judgment of the New Philadelphia Municipal County of Tuscarawas County, Ohio is hereby affirmed.
Farmer, J. Wise, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is affirmed.